IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LEVI WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:16-cv-00064 |
| CBE CUSTOMER SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND
TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Defendant CBE CUSTOMER SOLUTIONS, INC. ("CBE" and/or "Defendant"), by and through its undersigned counsel, and hereby answers Plaintiff's Amended Complaint as follows:

**JURISDICTION**

1. Admitted for jurisdictional purposes only.

2. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

**PARTIES**

3. Admitted that Plaintiff is Levi White, as to all other allegations contained herein, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

4. Admitted that CBE is an entity with offices located at 1309 Technology Pkwy Cedar Falls, IA; otherwise denied.

5. Admitted.

27638180 v1

## VENUE

6. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

7. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

## GENERAL ALLEGATIONS

8. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227

14. Defendant incorporates all of its prior responses as if set forth specifically herein.

15. Admitted that Plaintiff brings this lawsuit pursuant to the TCPA; denied that Plaintiff is entitled to any relief thereunder.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

27638180 v1

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. There is no paragraph 38 to Plaintiff's Amended Complaint, as such no response from Defendant is required hereto.

39. There is no paragraph 39 to Plaintiff's Amended Complaint, as such no response from Defendant is required hereto.

## COUNT 1
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(B)(1)(A)(3)

40. Defendant incorporates all of its prior responses as if set forth specifically herein.

27638180 v1

41. Denied.

In response to the prayer for relief following Paragraph 41 of Plaintiff's Amended Complaint, beginning with WHEREFORE, Defendant denies that Plaintiff is entitled to any judgment, statutory damages, costs, attorney's fees, interest or any other relief whatsoever and demands strict proof thereof.

## COUNT 2
## VIOLATIONS OF THE O.C.G.A. § 10-1-397(a)(2)(B)

42. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant asserts, without admitting any liability whatsoever, that the Plaintiff provided prior express consent to receiving calls made using an automated telephone dialing system and/or an artificial or prerecorded voice on his cellular telephone.

### SECOND DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

### THIRD DEFENSE

Without admitting any liability, Plaintiff did not use an automated telephone dialer system as defined by the 47 U.S.C. 227 Telephone Consumer Protection Act.

### FOURTH DEFENSE

To the extent Plaintiff has entered into an arbitration agreement covering his claims against Defendant, Plaintiff's claims must be arbitrated.

## FIFTH DEFENSE

Plaintiff's claims must fail to the extent that Plaintiff has failed to mitigate damages, if any.

## SIXTH DEFENSE

Defendant did not willfully or knowingly contact Plaintiff on his cellular phone regarding the subject account in violation of the TCPA.

## SEVENTH DEFENSE

The imposition of statutory or treble damages under the TCPA against Defendant would violate the due process provisions of the United States Constitution and/or the Georgia State Constitution.

## EIGHTH DEFENSE

The TCPA violates the First Amendment of the United States Constitution.

## NINTH DEFENSE

Defendant affirmatively invokes and asserts all defenses and rights created by and under Georgia's Fair Business Practices Act ("GFBPA").

## TENTH DEFENSE

Plaintiff's claims under the GFBPA are barred because the GFBPA does not encompass cases based upon allegedly deceptive or unfair acts or practices that occur in a private transaction and/or setting.  Moreover, such claims are barred because no act alleged in the Complaint affected the consuming public generally.

27638180 v1

## ELEVENTH DEFENSE

Plaintiff's claims under the GFBPA fail because the transactions between Plaintiff and Defendant and the actions allegedly taken by Defendant are exempt from coverage under the GFBPA.

## TWELFTH DEFENSE

Plaintiff's claims under the GFBPA fail because Defendant did nothing to violate the GFBPA, must less intentionally.

## THIRTEENTH DEFENSE

Plaintiff's claim under the GFBPA is barred because no act alleged in the Complaint harmed the public in general.

## FOURTEENTH DEFENSE

Plaintiff's claims under the GFBPA are barred, in whole or in part, to the extent that Plaintiff failed to provide Defendant with proper notice.

## FIFTEENTH DEFENSE

It would violate the United States Constitution, including the "dormant" Commerce Clause, to subject Defendant to liability under the GFBPA.

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted this the 13th day of June, 2016.

          *s/ Alan D. Leeth*
          Alan D. Leeth
          Georgia Bar No. 472031
          aleeth@burr.com
          BURR & FORMAN LLP
          171 17th Street, NW, Suite 1100
          Atlanta, GA
          Telephone: (404) 815-3000
          Fax: (405) 817-3244

          Attorney for Defendant
          CBE CUSTOMER SOLUTIONS, INC.

27638180 v1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, 2016, I presented the foregoing **ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

N/A

I have mailed by first-class, United States mail, postage prepaid, the document to the following non-CM/ECF participants:

Levi White
2158 B Street
Augusta, GA  30904
*Plaintiff Pro Se*

*s/ Alan D. Leeth*
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

27638180 v1