IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LEVI WHITE, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>CBE CUSTOMER SOLUTIONS, INC., )<br>)<br>　　　　Defendant. )<br>)<br>) | CIVIL ACTION NO.<br>1:16-cv-00064 |

## RULE 26(f) REPORT

　　1. Date of Rule 26(f) conference: **June 14, 2016**.

　　2. Parties or counsel who participated in conference: **Pro Se Plaintiff Levi White and Counsel for Defendant, Alan Leeth.**

　　3. If any defendant has yet to be served, please identify the defendant and state when service is expected. **NONE**.

　　4. Date the Rule 26(a)(1) disclosures were made or will be made: **June 24, 2016**.

　　5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures. **NONE**.

　　6. The Local Rules provide a 140-day period for discovery. Thus, the discovery deadline is **October 12, 2016**.

　　Identify the party or parties requesting additional time: **N/A**

　　State the number of months the parties are requesting for discovery: **N/A**

　　7. If any party is requesting that discovery be limited to particular issues or conducted in phases: **NONE**.

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness reports and disclosures by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness reports and disclosures by defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of these deadlines,

(a) Identify the party or parties requesting the modification: **NONE**.

(b) State which deadline should be modified and the reason: **N/A**

9. If the case involves electronic discovery,

(a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement: **The parties will take reasonable measures to preserve relevant electronic information. Defendant will endeavor to preserve any electronic information, to the extent that it exists, related to Plaintiff's account. Other information will be preserved in accordance with the Defendant's document retention policies. To the extent that it exists, the parties will produce relevant, non-privileged, electronic information in pdf or paper format.**

(b) Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement – **NONE**.

10. If the case is known to involve claims of privilege or protection of trial preparation material,

(a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material: **The parties agree that inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. The parties further agree to return any inadvertently disclosed privileged and/or trial-preparation material in**

**accordance with Federal Rule of Civil Procedure 26 (b)(5)(B) and Federal Rule of Evidence 502(b).**

(b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):  **The parties anticipate that a Protective Order will be required governing the disclosure of confidential documents produced during discovery.  The parties will submit a proposed Agreed Protective Order for the Court's consideration.**

(c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement: **NONE**.

11. State any other matters the Court should include in its scheduling order:  **NONE**

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. There are no specific problems that have created a hindrance to the settlement of the case:

Respectfully submitted, this 16th day of June, 2016.

*s/ Levi White*
Levi White
2158 B. Street
Augusta, GA 30904
(706) 294-8822
Pro Se


*s/ Alan D. Leeth*
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com
BURR & FORMAN LLP
171 17th Street, NW
Suite 1100
Atlanta, GA
Telephone: (404) 815-3000
Fax: (405) 817-3244

Attorney for Defendant
CBE Customer Solutions, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June, 2016, I presented the foregoing **RULE 26(F) REPORT** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

N/A

I have mailed by first-class, United States mail, postage prepaid the document to the following non-CM/ECF participants:

>Levi WhiteW
>2158 B Street
>Augusta, GA  30904
>*Plaintiff Pro Se*

>*s/ Alan D. Leeth*
>Alan D. Leeth
>Georgia Bar No. 472031
>aleeth@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244